**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

JASON DEMOND WHITE, a/k/a Jason
Demand White,

        *Defendant-Appellant.*

No. 01-4872

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CR-01-48)

Submitted: April 30, 2002

Decided: June 3, 2002

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Timothy G. Clancy, MOSCHEL, GALLO & CLANCY, L.L.C.,
Hampton, Virginia, for Appellant. Paul J. McNulty, United States
Attorney, Janet S. Reincke, Assistant United States Attorney, Nor-
folk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jason Demond White appeals his conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), entered on his conditional guilty plea. White's plea was conditioned on his ability to appeal the district court's disposition of his motion to suppress crack cocaine and marijuana an investigating officer found in White's vehicle after a search.* In support of his motion to suppress, White argued that the search of the vehicle was in violation of the Fourth Amendment because the facts known to the investigating officer did not rise to a reasonable suspicion to detain White's vehicle to subject it to the canine sniff which revealed the cocaine and marijuana. *See United States v. Brugal*, 209 F.3d 353, 358 (4th Cir.) (en banc), *cert. denied*, 531 U.S. 961 (2000) (discussing the permissible scope of detention pursuant to a routine traffic stop). The district denied White's motion after a hearing and sentenced White to 98 months imprisonment. White filed a timely notice of appeal, and the case is properly before this court.

This court reviews the factual findings underlying a motion to suppress for clear error, while reviewing the legal determinations de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). The reviewing court "should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States*, 517 U.S. 690, 699 (1996). Applying that standard, we have no difficulty concluding that the district court properly found

---

*As a result, that issue is preserved for appeal. *See* Fed. R. Crim. P. 11(a)(2).

that the circumstances during the legitimate traffic stop of White's vehicle, when viewed as a whole, gave rise to a reasonable suspicion that criminal activity was afoot. *See United States v. Sokolow*, 490 U.S. 1, 9 (1989). Consequently, we hold that the district court did not err in denying White's motion to suppress the evidence discovered in his vehicle.

Accordingly, White's conviction and sentence are hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*